IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LAUREL R., TROY R., and B.C.,<br><br>               Plaintiffs,<br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, and the PFIZER MEDICAL PLAN,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 2:19-cv-00473-DB<br><br>District Judge Dee Benson |

Before the court is Defendants' Motion to Dismiss Count II of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 17.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

BACKGROUND

At all times relevant to this matter, Plaintiff Laurel R. was a participant in the Pfizer Medical Plan (the "Plan"), administered by United Healthcare Insurance Company ("United"). (Dkt. No. 2, ¶¶ 2–3.) Laurel R.'s son, Plaintiff B.C., was a beneficiary of the Plan at all relevant times. (*Id.*) B.C. began exhibiting troubling behavior after entering middle school, including substance abuse, selling drugs, stealing, and lying. (*Id.* ¶¶ 10–13.) He has been diagnosed with Attention Deficit Disorder, Oppositional Defiance Disorder, and Feature of Narcissistic Personality Disorder. (*Id.* ¶¶ 10, 14.)

B.C. was admitted for inpatient treatment at Elevations RTC ("Elevations") from October 17, 2017 to February 14, 2018. (*Id.* ¶¶ 4, 15.) United denied coverage for B.C.'s medical care at Elevations from November 16, 2017 and onward after determining that B.C. no longer met the Plan's Guidelines for further coverage in a residential treatment setting. (*Id.* ¶ 16.) Plaintiffs submitted a level one appeal to this decision, and after further review, United upheld the denial of benefits. (*Id.* ¶¶ 17–31.) Plaintiffs appealed a second time, and United upheld the denial of benefits again. (*Id.* ¶¶ 32–39.)

Plaintiffs filed their Complaint on July 5, 2019. (Dkt. No. 2.) In this Complaint, Plaintiffs allege two causes of action: Count I is a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B), and Count II is a claim for violation of the Mental Health Parity and Addiction Equity Act (Parity Act or MHPAEA) under 29 U.S.C. § 1132(a)(3). On October 18, 2019, Defendants filed a Motion to Dismiss Count II under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 17.)

## MOTION TO DISMISS STANDARD

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). Under Rule 12(b)(6), the court must accept all well-pleaded allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, constitutes facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' do not count as well-pleaded facts." *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Iqbal,* 556 U.S. at 678).

## DISCUSSION

### *Parity Act Claim:*

The Parity Act "requires that a plan's treatment and financial limitations on mental health or substance abuse disorder benefits cannot be more restrictive than the limitations for medical and surgical benefits." *Roy C. v. Aetna Life Ins. Co.,* No. 2:17CV1216, 2018 WL 4511972, at *3 (D. Utah Sept. 20, 2018) (citing 29 U.S.C. § 1185a(a)(3)(A)(ii)); *see also* 75 Fed. Reg. 5410, 5412–13 (Feb. 2, 2010). "Because the Parity Act 'targets limitations that discriminate against mental health and substance abuse treatments *in comparison to* medical or surgical treatments,' to survive the dismissal of a Parity Act claim, a plaintiff must allege a medical or surgical analogue that the plan treats differently than the disputed mental health or substance abuse services." *Roy C.,* 2018 WL 4511972, at *3 (emphasis in original).

Here, Plaintiffs allege that Defendants violated the Parity Act by "requiring that [B.C.] satisfy acute care medical necessity criteria in order to obtain coverage for residential treatment" where "the Plan does not require individuals seeking treatment at sub-acute inpatient facilities for medical/surgical conditions to satisfy acute medical necessity criteria in order to receive Plan

benefits." (Dkt. No. 2, ¶ 53.) Specifically, Plaintiffs allege that "the terms of the Plan and the medical necessity criteria utilized by the Plan and United … use processes, strategies, standards or other factors to limit coverage for mental health or substance use disorder treatment in a way that is inconsistent with, and more stringently applied, than the processes, strategies, standards or other factors used to limit coverage for medical/surgical treatment in the same classification." (*Id.* ¶ 55.)

Having reviewed the Complaint and the Parties' briefing, the court finds that Plaintiffs' allegations are insufficient to state a claim under the Parity Act. Plaintiffs' Complaint lacks factual support for its assertions that disparate treatment existed in the way that Defendants evaluated B.C.'s claim for treatment at Elevations in comparison to the way that Defendants evaluate other claims for treatment at skilled nursing and rehabilitation facilities. Plaintiffs' Parity Act claim is supported by speculative statements, legal conclusions, and recitals of the statutory language of the Parity Act, none of which constitute well-pleaded facts. *See Warnick,* 895 F.3d at 751. This court has dismissed previous Parity Act claims containing such "conclusory and formulaic recitations of the law," but which "fail[ed] to allege with specificity facts showing a disparity in Defendant's application of limitation criteria." *See, e.g., Jeff N. v. United HealthCare Ins. Co.,* No. 2:18-CV-00710-DN-CMR, 2019 WL 4736920, at *4 (D. Utah Sept. 27, 2019).

To justify the lack of factual support for their allegations, Plaintiffs argue that they have been "handicapped" and lack the necessary information for their Parity Act claim because Defendants have failed to provide Plaintiffs with the Plan's governing documents. (Dkt. No. 21 at 22.) In particular, Plaintiffs contend that they requested—but never received—the medical necessity criteria for mental health and substance abuse and the criteria for skilled nursing and

rehabilitation facilities. (Dkt. No. 21 at 22.) Under the Parity Act's Final Rules, claimants have the right, upon request, to be provided with "reasonable access to and copies of all documents, records, and other information relevant to the claimant's claim for benefits." Final Rules Under the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Final Rules"), 2013 WL 5981462, 78 Fed. Reg. 68247–68248.

However, each of the letters denying coverage for B.C.'s medical treatment at Elevations informed Plaintiffs of online resources where Plaintiffs could access the requested governing Plan documents, including the medical necessity criteria for both medical/surgical and mental health/substance use disorder benefits. (*See* Dkt. No. 17 at 22; *see also* Dkt. No. 18.) Although "Plaintiffs cannot be expected to plead facts that are in the possession of Defendants," *see Kurt W. v. United Healthcare Ins. Co.,* No. 2:19-CV-223, 2019 WL 6790823, at *6 (D. Utah Dec. 12, 2019), the requested criteria was *not* exclusively within the possession and control of Defendants in this case. Plaintiffs did not obtain the relevant medical necessity criteria, despite having reasonable access to such documents. For these reasons, "Plaintiffs' failure to include more specific allegations about the discriminatory criteria used renders their Parity Act claim vague, conclusory, and speculative." *See E. M. v. Humana*, No. 2:18-CV-00789-CMR, 2019 WL 4696281, at *4 (D. Utah Sept. 26, 2019).

### *Laurel R. and Troy R.'s Individual Claims:*

Defendants also argue that Laurel R. and Troy R. lack standing in this case and move to dismiss all of Laurel R. and Troy R.'s individual causes of action. Under 29 U.S.C. § 1132(a)(1), a "participant or beneficiary" of a plan may bring a civil action under ERISA "to recover benefits due to him under the terms of his plans, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Plaintiffs have alleged that

Laurel R. was a participant of the Plan at all relevant times in this case. (Dkt. No. 2, ¶ 3.) As such, Laurel R. has statutory and constitutional standing to bring this action in her individual capacity. *See, e.g., Kurt W. v. United Healthcare Ins. Co.,* No. 2:19-CV-223, 2019 WL 6790823, at *3 (D. Utah Dec. 12, 2019).

Plaintiffs argue that Troy R.'s role as B.C.'s parent similarly provides him with standing under ERISA in this case. However, Plaintiffs' Complaint does not allege that Troy R. is either a participant or beneficiary of the Plan. Troy R.'s individual causes of action in this case should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 17) is hereby GRANTED IN PART. Plaintiffs' Second Cause of Action and Plaintiff Troy R.'s individual causes of action are dismissed. Defendants' Motion is DENIED IN PART, to the extent that Laurel R. is not dismissed as a plaintiff.

DATED this 5th day of February, 2020.

BY THE COURT:

Dee Benson
United States District Judge